IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID LORENZA JOYNER, #1230707 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-366 |
| | § | |
| BRAD LIVINGSTON, | § | |
| EXECUTIVE DIRECTOR OF TDCJ | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus of David Lorenza Joyner, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1).  After filing his Petition, Petitioner filed a Judgment on the Pleadings (Instrument No. 22) and a Partial Motion for Summary Judgment (Instrument No. 28).  Respondent filed a Motion for Summary Judgment with Brief in Support seeking the dismissal of Petitioner's writ (Instrument No. 41), to which Petitioner filed a "Notice of Newly Discovery of Evidence on Claim of Actual Innocence [and] Request for Evidentiary Hearing" a "Motion and Brief for a Continuance to Oppose Respondent's Motion for Summary Judgment," a Motion re-urging his previously denied "Motion for Leave to File Motion to Take Depositions of Those Witnesses Named," and "Motion for Sanctions Against Respondent's Attorney." (Instrument Nos. 45 and 46). Having carefully considered the Petition, the parties motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

1

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254.  The State has custody of Petitioner pursuant to a judgment and sentence entered by the 23rd Judicial District Court of Brazoria County, Texas in Cause No. 46,370.  Petitioner was initially charged by indictment with aggravated sexual assault in Cause No. 44,449.  That case was dismissed and Petitioner was re-indicted in Cause No. 44,492 for Aggravated Sexual Assault-Habitual.  The State agreed to dismiss that indictment and charge Petitioner by information, supported by a complaint, with a single count of sexual assault. (State Records ("S.R.") at 2-3).  Petitioner pled guilty to sexual assault and, on March 12, 2004, the trial court sentenced him to five (5) years imprisonment.  (S.R. at 4-5).  Petitioner did not appeal the conviction.

On October 24, 2005, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  (S.R. at 6-46).  The trial court, finding the State's answer to be correct and adopting it by reference, submitted its findings and conclusions to the Texas Court of Criminal Appeals.  (S.R. at 49-52; 108).  The Texas Court of Criminal Appeals denied Petitioner's state writ without written order on February 1, 2006.  *Ex parte Joyner,* Applic. No. WR-28,942-12.

Petitioner filed the instant writ on April 16, 2006.  In his federal writ he claims the following grounds entitle him to federal habeas relief:

> (1) his plea is involuntary because the State breached the plea agreement;
>
> (2) the Texas Board of Pardons and Paroles violated his constitutional rights by considering the facts and circumstances of the offense in its decision to deny him parole and, by doing so, constructively amended the charging instrument (*i.e.*, the information) under which he pled guilty;

2

(3)  the State violated his Fourth Amendment rights by obtaining a sample of his blood to compare his DNA to that of the evidence taken from the victim's body, which formed the basis for his arrest;

(4) 28 U.S.C. § 1915(g) is unconstitutional; and

(5) he is actually innocent.

Pet'r Writ at 7-8;  Pet'r Brief at 9-25.

Threshold Issue

1.  *Statutory Limitations Issue*

As a preliminary matter, Respondent contends Petitioner's claims are time barred.  (Resp. Mot. Sum. Judgment at 5-6; 8).  Petitioner, in apparent anticipation of this claim, filed a Motion for Judgment on the Pleading in which he seeks a determination from the Court that his claims are not time barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for state prisoners filing federal habeas corpus petitions. 28 U.S.C.A. § 2244(d)(1); *see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999) (recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions).  The statute provides, in part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented                        could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).

The Court initially finds exception (C) to be inapplicable.  Turning to exception (B), Petitioner alleges that the State created an impediment to the filing of his application in a timely manner due to the following:  "on various occasions the law library would deliver the wrong books, and when [he] went to complaining they stopped bringing them for awhile"; he was denied indigent supplies or mail"; items were removed from his outgoing legal mail; and because the courts are closed on federal holidays and TDCJ-CID does not pick-up mail on weekends (Pet'r Mot. JOP at 5-6).  Petitioner's many filings in federal court stand in clear contradiction to his allegations.  (Resp. Mot. Sum. Judgment at 7-8, Ex. A).[1]  This Court therefore concludes that exception (B) of 28 U.S.C.A. § 2244(d)(1) is also inapplicable.

---

[1] The Court observes that in *Joyner v. Dretke*, Cause No. 7:05-CV-230, Petitioner completed and filed the following pleadings with the court: on December 5, 2005, he submitted 28-paged civil rights complaint that was accompanied by 20 pages of attachments, which included 5 grievances he filed from July 2005 through September 29, 2005; on December 19, 2005, he submitted a 38-paged Motion to disqualify and recuse the judge; on January 24, 2006, he submitted an 8-paged response to the court's Order to Show Cause; on January 25, 2006, he submitted a 7-paged second response in objection to the Order to Show Cause; and on February 2, 2006 he submitted a 14-paged Motion to Amend his Complaint.  The docket in that case reflects that Petitioner filed additional pleadings thereafter.  In *Joyner v. Director of Texas Board of Pardons and Parole*, Cause No. 1:06-CV-38, Petitioner completed and filed the following pleadings with the court: on January 10, 2006, he submitted a 10-paged Motion to Leave to Perpetuate Testimony and Motion to Recuse Judge Sam Sparks; on January 31, 2006, he submitted a Motion for Leave to File an Amended Complaint; and the docket thereafter reflects other filings by Petitioner.

Petitioner does assert, however, that he did not become aware of the factual predicate for his claims until October 29, 2004, when the Board of Pardons and Paroles denied him parole because "the records indicate[d] use of a weapon."  (Pet'r Mot. JOP at 2).  28 U.S.C. § 2244(d)(1)(D). Accordingly, under the AEDPA, unless tolled, Petitioner had until October 29, 2005, to file a federal writ of habeas corpus.  The state court records reflect that Petitioner filed his state writ on October 25, 2005, which had the effect of tolling the limitations period during the pendency of his state writ. 28 U.S.C.A. § 2244(d)(2).  The limitations period began again after the Texas Court of Criminal Appeals denied his state writ on February 1, 2006.[2]  Petitioner had until February 6, 2006, to file his federal writ.  Petitioner's federal writ was not filed until April 16, 2006.  Therefore, unless equitably tolled, this Court concludes Petitioner's federal writ is time barred by the one-year limitations period.

### 2. *Equitable Tolling Issue*

The one-year limitations period is subject to equitable tolling, but only in "rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)(quoting *Coleman*, 184 F.3d at 402) (Fifth Circuit has approved equitable tolling in very limited circumstances "principally where the plaintiff is actively misled by the defendant upon the cause of action or is prevented in some extraordinary way from asserting his rights.")  Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th

---

[2] The record reflects that Petitioner filed a mandamus in state court on December 21, 2005, which the Texas Court of Criminal Appeals denied on February 1, 2006.  *See generally Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002) (filing of a mandamus did not operate to toll limitations). Petitioner also filed a motion for rehearing, but since this is clearly impermissible under Texas law it would likewise not have operated to extend the period of tolling.  Tex. R. App. Proc. 79.2(d).

Cir. 1999).  Nor is equitable tolling warranted for "garden variety claims of excusable neglect." *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996).

In his Motion for Judgment on the Pleadings, Petitioner alleges that he is entitled to equitable tolling because he was "on Haldol/Cogentin" and "these medications make it impossible to read or write."  (Pet'r Mot. JOP at 2-3).  In response to Petitioner's allegations, Respondent submits the docket reports in other federal cases detailing the many pleadings that Petitioner was able to file in other cases during the relevant time period.  (Resp. Mot. Sum. Judgment at 7-8, Ex. A).  Petitioner responds to Respondent's contentions by requesting a Continuance because he claims, in part, that he is unable to reply because Respondent did not provide all the records and documents contained in the referenced reports.  Notwithstanding his protests, Petitioner then proceeds by replying that "he has never acted without due diligence to challenge this conviction" and by reiterating his contentions that he was on "Haldol/Cogentin," and that his medical records "will reveal the medications [he] was on also contributed to [him] not being able to read/write do legal work."  (Pet'r Mot. at 10-11).

Although the Fifth Circuit has recognized that mental illness may support a tolling of the AEDPA statutory time period, such mental illness must render the petitioner unable to pursue his legal rights during the relevant time period.  *Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999).  Accordingly, a court must not only be convinced that a mental condition existed at the time, but that the condition was an impediment to filing in a timely manner.  *See id.*  A petitioner bears the burden of proof and "must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine."  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Other than his conclusory allegations, Petitioner provides no basis for this Court to conclude that his mental state was so

6

impaired during the relevant time that he could not pursue his legal remedies before the one-year limitations period expired in February 6, 2006.  *See Fisher*, 174 F.3d at 715-16 (refusing to grant equitable tolling for a prisoner who was mentally ill and confined with no access to legal materials or eyeglasses, leaving him legally blind).  In fact, this Court finds that Petitioner's claims that he was unable to read or write or do legal work during the relevant time period are completely undermined by the many pleadings, to include numerous grievances, that he filed in two other federal cases.[3]

Petitioner does not identify any other grounds for equitable tolling and the record discloses none.  It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing.  *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000);  *Fisher*, 174 F.3d at 714.

Accordingly, this Court concludes that Petitioner's claims are time barred and **RECOMMENDS** the Petition be **DISMISSED** on this basis.

Plea Agreement Issue

Assuming arguendo that his claims are not time barred, in his first claim Petitioner alleges that his guilty plea was involuntary because the State breached its plea agreement with him. Notably, Petitioner initially claims:

> [o]n March 12, 2004, the Petitioner . . . informed the District Attorney that he would sign for five years if they drop the 'aggravated sexual assault' from the indictment and take out the part about 'abducted' and the 'knife.'  The State immediately agreed and dismissed the aggravated sexual assault indictment, which was cause # 44,492 and tried Joyner  [Petitioner] by information on charge of 'sexual assault' which is cause #46,370.

---

[3] *Supra* note 1.

(Pet'r Brief at 15-16).  However, in another part, Petitioner then alleges that the State agreed, in exchange for his plea, to remove from his records any mention of "knife," "abduction," or "aggravated sexual assault."  (Fed. Writ Pet. at 7; Pet'r Brief at 15-20).  He claims that the State breached its agreement with him when it forwarded the police report to the Parole Board because the report contained an account of the offense that included the reference to the use of the knife, abduction, and aggravated sexual assault.  (Fed. Writ Pet. at 8).

To meet constitutional requirements, a defendant's plea must be made with an understanding of the nature of the charges against him and the consequences of his plea.  *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1389 (5th Cir. 1995).  A defendant is considered to be fully aware of the consequences of his plea when he understands the length of time he might serve.  *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993).  Formal plea declarations in open court carry a strong presumption of truth, and petitioners attacking such pleas must meet a heavy burden of proof.  *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

The Fifth Circuit has also recognized that "[w]here a defendant can show that the court, the prosecutor or defense counsel induced his guilty plea by clearly and unequivocally *guaranteeing* a lesser sentence or some other specific leniency, the guilty plea is not voluntary unless the defendant receives that which he was promised."  *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002).  A defendant "must generally establish that an actual promise or guarantee was made showing: (1) the exact terms of the alleged guarantee; (2) exactly when, where and by whom the guarantee was made; and (3) the identity of any eyewitness to the guarantee."  *DeVille v. Whitley*, 21 F.3d at 658.  A guilty plea is not, however, "rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence."  *Daniel*, 283 F.3d. at 703.  A guilty plea is also "not

8

rendered involuntary because defendant's misunderstanding was based on defense counsel's inaccurate *prediction* that a lesser sentence would be imposed." *Id.* Furthermore, when a petitioner seeks relief in a federal habeas proceeding after the state court has rejected his claim, he will not be entitled to relief unless it can be established that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

Petitioner elected to proceed *pro se* at trial although "stand-by" counsel was provided to him. (S.R. at 92, 98). He was initially charged by indictment with aggravated sexual assault in Cause No. 44,449. That case was dismissed and Petitioner was re-indicted in Cause No. 44,492 for Aggravated Sexual Assault-Habitual and the indictment included the language "[t]he defendant did then and there in the course of the same criminal episode use and exhibit a deadly weapon, to-wit: a knife, which in the manner of its use and intended use was capable of causing death and serious bodily injury." (S.R. at 49). The State agreed to dismiss that indictment and charge Petitioner by information, supported by complaint, with a single count of sexual assault. (S.R. at 2-3). Applicant concedes that the State agreed to file an information for the offense of sexual assault which contained the following language: "...that David Lorenza Joyner, did then and there intentionally or knowingly cause the sexual organ of Gail Baker to contact the sexual organ of the defendant, without the consent of Gail Baker." (S.R. at 2).

Petitioner then signed an affidavit that clearly and explicitly stated that the trial judge had informed him of the range of punishment for sexual assault, and that he waived a reading of the information, and that he was voluntarily pleading guilty to the charge against him. (S.R. at 92-96). Petitioner also attested that he was voluntarily pleading guilty, that he had never been threatened or

pressured to do so, and that he was entering his plea without any persuasion and that he had been "promised nothing for entering such plea." (S.R. at 94).

Petitioner entered a plea of guilty to sexual assault in this cause and the record further reflects that the State offered into evidence in support of the guilty plea, the following:  State's Exhibit Number One, which was the "Defendant's Affidavit of Admonitions, Waivers, Judicial Confession, Statements, Plea, Probation and Appeal - Felony Less Than Capital," to which Petitioner initialed every page (S.R. at 92-96); State's Exhibit Number Two, which was the information or charging instrument (S.R. at 91); and State's Exhibit Number Three, which was the offense report and supporting police documents (S.R. at 53-90).  Petitioner did not object to the evidence offered by the State and the trial admitted the exhibits into evidence.  The Court then found Petitioner guilty and sentenced him, as agreed, to five years imprisonment.  (S.R.at 97).

This Court concludes that the record in this case clearly reflects that the State dismissed the indictment, which alleged aggravated sexual assault, and reduced the charge to sexual assault, omitting any reference in the charging instrument to the aggravated sexual assault, knife, or abduction.  The record does not, however, reflect any written plea agreement nor does it support Petitioner's contentions that the State agreed to the more extraordinary request of removing any reference from any possible record of the fact that he used a knife in the commission of the offense or abducted the victim.  Moreover, as discussed, the record clearly reflects that the State offered the offense or police report into evidence prior to the court finding him guilty of the offense of sexual assault.  Petitioner had a clear opportunity at that point to review the State's exhibits and either object and/or move to suppress any such references contained in the police report.  Petitioner did

neither.  Petitioner cannot stand by, without objection, and then later, for the first time, claim error.  Petitioner fails in his burden to show that his plea was involuntary based on a breach by the State.

Notwithstanding this fact, Petitioner raised this issue in his state habeas writ and the Texas Court of Criminal Appeals denied the claim on the merits.  *Ex parte Joyner,* WR-28,942-12.  Petitioner has not established, nor does this Court find, that the state court's determination was contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d); *Ogan v. Cockrell*, 297 F.3d 349, 355 (5th Cir. 2002).

The Court **RECOMMENDS** that the Petition be **DENIED** on this point.

Board of Pardons and Paroles Issue

Petitioner claims that he was denied parole by the Parole Board because it considered that he used a weapon during the commission of the offense, a fact of the offense which was detailed in the police report.  (Fed. Writ Pet. at 7).  He asserts that the Board's procedures and practices are unconstitutional.  (Pet'r Brief at 1-2).

Initially, the Court notes, for the same reasons discussed above, that this claim would be time barred since he discovered this alleged violation on October 29, 2004.  However, even assuming arguendo it was not time barred, Petitioner's claim is without merit.

The Supreme Court has recognized that states have no duty to establish a parole system and prisoners have no constitutional right to be released before the expiration of a valid sentence. *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (statutes or regulations that provide a parole board may release an inmate on parole do not give rise to a protected liberty interest); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 11 (1979) (statute which "provides no more than a mere hope that the benefit will be obtained" does not trigger due process protections).  The Fifth Circuit,

11

having examined the Texas parole statutes, determined that "there is no constitutional expectancy of parole in Texas." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).

The Supreme Court has also recognized that states have broad discretion in determining what parole boards may consider, stating that "to insure the public-interest purposes of rehabilitation and deterrence, the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Greenholtz*, 442 U.S. at 7-8. Moreover, recognizing the "sensitive choices presented by the administration decision to grant parole release" (*Id.* at 7), courts have consistently held that there is simply no denial of an inmate's constitutional rights by reason of the parole board's consideration of the nature and circumstances of the offense. *See Page v. United States Parole Comm'n*, 651 F.2d 1083, 1085-86 (5th Cir. 1981) (holding parole commission's consideration of an underlying charge of smuggling cocaine that had been dismissed when the defendant pled guilty to a lesser offense did not violate due process protections); *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979) (holding state prisoner's constitutional rights were not violated by reason of the parole board's consideration of the nature and circumstances of his offense); *Bistram v. United States Parole Comm'n*, 535 F.2d 329, 330 (5th Cir. 1976 (finding parole did not err by considering a dismissed kidnapping charge in its decision to postpone parole).

In the present case, the Court concludes that Petitioner had no right to release on parole and that the Parole Board's consideration of the facts and circumstances of the offense in making its decision to deny him parole did not violate his constitutional rights and it did not constructively amend the information under which he pled guilty because it has not altered the length of the sentence imposed. Petitioner's claim is without merit.

12

The Court **RECOMMENDS** that the Petition be **DENIED** on this point.

Fourth Amendment Search & Seizure Issue

Petitioner claims the State violated his Fourth Amendment rights by obtaining a sample of his blood to compare his DNA to that found in evidence that was taken from the victim's body. More specifically, he claims the "State enforced Texas Government Code section 411.148 against [him] when it did not even apply to [him]" in violation of his Fourth Amendment rights. (Fed. Writ Pet. 22-23). However, such a claim cannot be raised in a federal habeas writ when the State has provided an opportunity for a full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006); *Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002). When "a state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Craver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978).

Petitioner had the opportunity to raise this issue in the trial court. He did raise it in his state habeas writ, and the Court of Criminal Appeals rejected it on the merits. Petitioner therefore cannot raise it at this point.

The Court **RECOMMENDS** that the Petition be **DENIED** on this point.

Actual Innocence Issue

Petitioner claims he is actually innocent and only pled guilty to avoid trial. (Fed. Writ Pet. at 8; Pet'r Brief at 22). A claim of actual innocence based on newly discovered evidence does not state a basis for relief in a federal writ of habeas corpus absent an independent constitutional

violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Here, Petitioner fails to establish any such

violation and, as such, his claim is without merit.

Nevertheless, assuming arguendo that Petitioner could establish an independent

constitutional violation, he has still failed to establish this claim. The law is clear that "the

miscarriage of justice exception is concerned with actual as compared to legal innocence." *Sawyer*

*v. Whitley*, 505 U.S. 333, 339 (1992). "To be credible," a claim of actual innocence must be based

on "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S.

298, 324 (1995). If the petitioner asserts his actual innocence of the underlying crime, he must

demonstrate, "in light of all the evidence," that "it is more likely than not that no reasonable juror

would have convicted him." *Id.* at 328.

Petitioner pled guilty in this case, but he asserts that he is actually innocent. He asserts that

the information contained in the police report calls into question whether the sexual assault occurred

and, even if it did, whether he committed the offense. Contrary to Petitioner's contentions, any such

information, which this Court observes was submitted into evidence by the State, without objection,

when Petitioner pled guilty, is neither new or reliable evidence that establishes that he is actually

innocent. Moreover, Petitioner's claim was considered and rejected by the state habeas court and

this Court finds that the state court's decision was neither contrary to nor based on an objectively

unreasonable application of clearly established federal law.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

28 U.S.C. § 1915(g) "Three Strikes" Issue

14

Petitioner claims that the three strikes provision contained in 28 U.S.C. § 1915(g) is unconstitutional. (Fed. Writ Pet. at 7). Federal habeas corpus relief is available for a prisoner's challenges to the validity of his conviction or fact or duration of his confinement. *Serio v. Members of the Louisiana State Board of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Petitioner's challenge to the constitutionality of § 1915(g) does not constitute a challenge to the validity of his conviction or the duration of his confinement and, as such, does not state a ground for which federal habeas relief could be granted.[4]

The Court **RECOMMENDS** that the Petition be **DENIED** on this point.

Other Claims

Although not alleged in his Petition, Petitioner attempts to assert in his Motion for Partial Summary Judgment a claim that the trial court lacked jurisdiction because he was tried on a felony information that did not have the required affidavit pursuant to Texas Code of Criminal Procedure article 21.22 and, as such, the information was defective. (Pet'r Mot. Partial Sum. Judgment at 2-3.) Even to the extent Petitioner had properly raised this issue and it was not time barred, the record contradicts his claim. (S.R. at 2-3). Tex. Code Crim. Proc. Art. 21.21 (requisites for information); Art. 21.22 (information must be based on complaint); *see generally, Branch v. Estelle*, 631 F.2d

---

[4] To the extent Petitioner's pleadings could also be read to include claims challenging the state court habeas practices (Fed. Writ Pet. at 21) or the provisions of 28 U.S.C. §§ 2244(d)(1), 2244(d)(2), or 2254(e)(2), these claims would also not entitle him to federal habeas relief. The Fifth Circuit has held that a challenge to the State's habeas corpus proceedings is not a proper ground for relief in a federal habeas corpus case. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("Insofar as [the petitioner] raises a due process challenge to the state habeas proceeding, his claim fails because infirmities in state habeas corpus proceedings do not constitute grounds for relief in federal court."). Furthermore, any challenges § 2244 and § 2254 must be rejected as the statutes have repeatedly been upheld as constitutional. *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Graham v. Johnson*, 168 F.3d 762, 787-88 (5th Cir. 1999); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999).

1229, 1233 (5th Cir. 1980) (sufficiency of a state indictment is not a matter for federal relief unless it can be shown that the indictment was so defective that it deprives the state court of jurisdiction).

Similarly, Petitioner also attempts to include a claim that the trial court judge lacked jurisdiction over his case because there no referral of the case to him.  Even to the extent that this issue had been properly presented, at most, this claim raises a violation of state statutory procedure, which would not entitle him to federal habeas relief.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural laws, unless a federal issue is also presented); *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998) (same); *see also Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970) (federal courts "do not sit as a 'super' state supreme court" in such a proceeding to review errors under state law).

Petitioner's Request for Continuance

Petitioner filed a Request for Continuance to Oppose Respondent's Motion for Summary Judgment ("Request") in which he explains that he "cannot presently oppose Respondent's Motion" because Respondent has not provided him with  all the documents relied upon in his Motion for Summary Judgment and because he has not yet been able to conduct discovery.

With regard to his first point, this Court observes that the only documents relied upon by Respondent are the docket sheets from two other cases that Petitioner has filed in federal courts which were attached as Exhibit A and provided to Petitioner.  To the extent that Petitioner faults Respondent for not providing all the documents contained in each of those cases, any such contention is baseless. Petitioner asserts no good cause for granting his Request on this point.

With regard to his second point, this Court concludes that no basis exists to order an evidentiary hearing or authorize discovery in this case because Petitioner's claims are time barred. However, even assuming arguendo that his claims were not time barred, Petitioner's has failed to allege any grounds which would entitle him to federal habeas relief.

Petitioner's Request lacks good cause and this Court, therefore, **RECOMMENDS** that Petitioner's Request be **DENIED**.

## CONCLUSIONS

For all the foregoing reasons, it is the **RECOMMENDATION** of this Court that Petitioner's Request for An Evidentiary Hearing, Petitioner's "Motion for Leave to File Motion to Take Depositions," and Petitioner's Request for Sanction Against Respondent's Attorney be **DENIED**. (Instrument Nos. 45 and 46). For all the reasons discussed above, this Court also **RECOMMENDS** that Petitioner's Request for Continuance to Oppose Respondent's Motion for Summary Judgment (Instrument No. 46) be **DENIED**. Additionally, any and all motions not granted should be **DENIED**.

The Court further **RECOMMENDS** that Petitioner's Motion for Judgment on the Pleadings (Instrument No. 22) and Petitioner's Partial Motion for Summary Judgment (Instrument No. 28) be **DENIED**; Respondent's Motion for Summary Judgment (Instrument No. 44) be **GRANTED**; and that the Petition for a Writ of Habeas Corpus of David Lorenza Joyner (Instrument No. 1) be **DISMISSED** with prejudice.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **February 16, 2007,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The

17

Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

     **DONE** at Galveston, Texas, this _____29th_____ day of January, 2007.

John R. Froeschner
United States Magistrate Judge

18